UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HUMBERTO ELIZALDE ORTIZ,

    Petitioner,

v.                      Case No. 2:25-cv-1160-JES-DNF

MATTHEW MORDANT, KRISTI NOEM, PAMELA JO BONDI, GARRETT RIPA, TODD LYONS, and CHARLES PARRA,

    Defendants.
_____/

**OPINION AND ORDER**

Before the Court are Humberto Elizalde Ortiz's petition for writ of habeas corpus (Doc. 1) and the Government's response (Doc. 5). For the following reasons, the petition is granted in part and denied in part.

**I. Background**

Ortz is a native and citizen of Mexico. (Doc. 1 at 2). He entered the United States without inspection in 2005, when he was seventeen years old. (Id. at 2). He has not left the United States since then. (Id.) He lives with his spouse and son, both of whom are United States citizens. (Id. at 3). On December 3, 3035, Ortiz was detained by local law enforcement while picking up trash on the side of the road for his employment. (Id. at 2). He was thereafter transferred into custody of Immigration and Customs Enforcement (ICE). (Id.) Ortiz's criminal record consists solely

of minor traffic offenses. (Doc. 1 at 12; Doc. 5-1 at 3). He is being held under 8 U.S.C. § 1225(b)(2). (Doc. 5 at 3).

## II.  Discussion

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Ortiz. The distinction matters because § 1225(b)(2) mandates detention throughout removal proceedings, whereas aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Among other things, Ortiz asks the Court to order the respondents to either release him or provide a prompt bond hearing. (Doc. 1 at 14).

Respondents argue that Ortiz's continued detention does not violate the Constitution and that he is not eligible for a bond hearing because he is properly detained under 8 U.S.C. § 1225. (Doc. 5).

The Court has rejected identical arguments in recent cases presenting the same issues. See Cetino v. Hardin, No. 2:25-cv-1037-JES-DNF (M.D. Fla. December 12, 2025); Patel v. Parra, No. 2:25-cv-870-JES-NPM (M.D. Fla. Dec. 2, 2025); Reyes Rodriguez v. Florida Southside Facility, No. 2:25-cv-1012-JES-DNF (M.D. Fla. December 15, 2025). In those cases, the Court was satisfied of its jurisdiction and found that the petitioners were being held in violation of their rights under the INA, entitling them to habeas relief. The Court's reasons for granting habeas relief in those

cases apply equally here.

As the Court explained in Cetino and Patel, it has jurisdiction because this action falls outside the scope of §§ 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in the prior cases, Ortiz's detention is governed by § 1226(a), not § 1225(b)(2).

As a noncitizen detained under § 1226(a), Ortiz is entitled to the statutory process under § 1226(a), which includes a bond hearing. See Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Accordingly, it is hereby **ORDERED**:

1. Humberto Elizalde Ortiz's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART AND DENIED IN PART.**

2. Within **TEN (10) DAYS** Respondents shall provide Ortiz with the statutory process required under § 1226, which includes a bond hearing. All other relief is **DENIED.**[1]

---

[1] "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." Hulke v. Schmidt, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Ortiz is an alien without lawful status. Thus, he is entitled to a bond hearing under § 1226(a), not immediate release. Likewise, his Due Process Clause claims are not addressed "given that the Court [is granting] the relief [Petitioner is entitled to] based on its interpretation of the applicability of § 1226(a)." Pizarro Reyes v. Raycraft, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025).

3

3. If Respondents release Ortiz, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

4. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.[2]

**DONE AND ORDERED** in Fort Myers, Florida on January 7, 2026.

*[signature: John E. Steele]*

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

---

If Respondents do not provide Ortiz with a bond hearing as ordered, he can renew his Fifth Amendment claims in a subsequent complaint or petition.

[2] The Court is aware of a pending California case that certified a class action of aliens who are in immigration detention and being denied access to a bond hearing. See Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). No final judgment has been issued in Bautista to bind the parties here. The Court finds no reason to dismiss or stay this case in the meantime.

4